**Gerald OPIELA, Karen Rhoden and Alvin Reisch, Plaintiffs**

v.

**Donald B. BRUCK, Ronald D. Weiss, Dr. Alan S. Esbitt, Leonard E. Smollen, Richard A. Charpie and The Stuart–James Company, Defendants.**

**William L. DUBE, Plaintiff**

v.

**Donald B. BRUCK, Ronald D. Weiss, Dr. Alan S. Esbitt, Leonard E. Smollen, Richard A. Charpie and The Stuart–James Company, Defendants.**

**Civ. A. Nos. 88–1871–H, 89–0067–H.**

United States District Court,
D. Massachusetts.

Dec. 10, 1990.

Glen DeValerio, Margaret G. Dobies, Berman, DeValerio & Pease, Boston, Mass., for plaintiffs William L. Dube, Alvin Reisch, Karen Rhoden and Gerald J. Opiela.

Michael Philip Flammia, Kenneth A. Sweder, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for defendant Donald B. Bruck.

Donald B. Bruck pro se.

Michael A. Collora, Dwyer & Collora, Boston, Mass., for defendant Ronald D. Weiss.

Thomas G. Shapiro, Shapiro, Grace & Haber, Boston, Mass., for defendant Alan S. Esbitt.

Barbara A. Fain, David Jay Byer, Edmund C. Case, Testa, Hurwitz & Thibeault, Boston, Mass., for defendant Leonard E. Smollen.

John G. Fabiano, Patrick Michael Reagan, Hale & Dorr, Boston, Mass., for defendant Richard A. Charpie.

Patrick J. Sharkey, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, Mass., for defendant The Stuart–James Co.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiffs were purchasers of securities of the Disc Technology Corporation ("Disc"), either pursuant to an initial public offering or on the open market. Plaintiffs assert that the individual defendants, all officers and directors of Disc, and The Stuart–James Company ("Stuart–James"), the underwriter of the securities, engaged in a continuing course of conduct to disseminate materially false and misleading information to Disc shareholders and the investing public concerning Disc's growth potential and projected profitability. This scheme, plaintiffs argue, was designed to manipulate the market price of Disc securi-

ties and to induce investors to purchase Disc securities at an inflated market price.

Plaintiffs contend that they suffered substantial losses as a result of defendants' conduct, because they, in fact, purchased Disc securities at an artificially high price. Thus, plaintiffs filed this complaint, seeking recovery of damages under the federal securities laws and under the common law.

In March, 1988, this Court consolidated this action. The consolidated action now comes before this Court on Plaintiffs' Motion for Class Certification. Specifically, plaintiffs request that this Court certify two classes: (1) the "Unit Class," consisting of all individuals who purchased Disc units pursuant to an Initial Public Offering, dated December 29, 1986; and (2) the "Open Market Class,"[1] consisting of all individuals who purchased Disc common stock and/or warrants during the period December 29, 1986 to October 27, 1987. Excluded from the classes are Disc, its officers and directors and those in privity with them, the individual defendants and members of their immediate families, Stuart–James, and any of its officers, directors, and employees and those in privity with them.

## DISCUSSION

The Federal Rules of Civil Procedure establish several specific requirements that must be met in order to maintain a class action. *See* Fed.R.Civ.P. 23. The Rules provide that one or more individual plaintiffs may sue on behalf of members of a class only where:

1.  the class is so numerous that joinder of all members is impracticable;

2.  there are questions of law or fact common to the class;

3.  the claims or defenses of the representatives are typical of the class; and

4.  the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Additionally, before certification is proper, the Court must conclude that the questions of law or fact common to the members of the class predominate over any questions affecting only the individual members, and that a class action is the superior method of adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). This Court must undertake "a rigorous analysis" of the prerequisites of Rule 23 to ensure that each requirement has been satisfied. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).[2]

*Numerosity*

Defendants cannot, and do not, contest that plaintiffs have satisfied the numerosity requirement. Indeed, as of March 20, 1987, more than 60,508,960 shares of Disc common stock and warrants were outstanding, and there were 265 shareholders of record. During the relevant period, December 29, 1986 to October 27, 1987, millions of shares of Disc common stock were traded on the open market. In light of these figures, plaintiffs certainly have shown that the class is sufficiently large so that joinder would be impracticable. *See Backman v. Polaroid Corporation, et al.*, No. 79–1031–Mc, slip op. at 2 (D.Mass. July 16, 1982); *Rental Car of New Hampshire, Inc. v. Westinghouse Electric Corp.*, 496 F.Supp. 373, 376 (D.Mass.1980).

*Common Questions of Law and Fact*

Defendants also do not appear to dispute plaintiffs' contention that numerous questions of law and fact are common to members of the prospective classes. All members seek to determine, among other things, (1) whether the Prospectus and/or other documents, releases, reports, and statements disseminated to the investing

---

1.  Plaintiffs, in their Motion for Certification, referred to this class of purchasers as the "Common Stock Class." During oral argument, however, plaintiffs indicated their intention to designate this class as the "Open Market Class."

2.  Although defendants' memoranda do not specifically address the requirements for class certification under Rule 23, the Court, during a hearing on this motion, explored the arguments raised by the defendants with particular reference to the elements of Rule 23.

public contained false or misleading information; (2) whether the defendants acted with knowledge or with reckless disregard for the truth concerning the business potential and finances of Disc when they disseminated this information; (3) whether the defendants' acts constitute violations of the federal securities laws or the common law; (4) whether the market price of Disc securities was artificially inflated due to the misrepresentations complained of; and (5) whether, and to what extent, the members of the class sustained damages as a result of defendants' acts. The commonality requirement is readily satisfied in this case.

*Typicality*

■ Defendants contend that the representative plaintiffs' claims are atypical of those of the prospective Open Market Class, because the named plaintiffs were not purchasers of Disc securities at all times during the class period, December 29, 1986 through October 27, 1987.[3] In particular, Plaintiff Opiela bought 22,000 warrants on May 7, 1987; Plaintiff Reisch bought 55,900 warrants between April 8, 1987 and August 6, 1987, and he bought 10,000 common shares on August 26, 1987; and Plaintiff Dube bought 984,000 warrants between January 5, 1987 and January 7, 1987, and he bought 1,127,000 common shares between January 6, 1987 and January 8, 1987. No named plaintiff purchased any securities after August 26, 1987.

■ However, a plaintiff may represent class members who purchased both before and after that plaintiff's own purchases, so long as the same series of misstatements, or the same course of conduct by the defendants, forms the basis of recovery for all members of the class. *Priest v. Zayre Corp.*, 118 F.R.D. 552, 556 (D.Mass.1988); *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 311–12 (D.Mass.1987). Existing "differences in claims due to varying purchase dates do not defeat plaintiffs'

showing of typicality under Rule 23(a)(3)." *Randle, et al. v. SpecTran, et al.*, 129 F.R.D. 386, 391 (D.Mass.1988).

In this case, plaintiffs do allege a continuing course of conduct by the defendants, which commences with the issuance of the Prospectus on December 29, 1986 and continues throughout the class period until Disc filed a bankruptcy petition on October 27, 1987. The action "is based on conduct not special or unique to the named plaintiffs," and all class members seek relief for the "same or similar injury." *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y.1981). The named plaintiffs' claims are, indeed, typical of the claims of all members of the Open Market Class. The requirements of Rule 23(a)(3), at least at this time, are satisfied. Of course, should further discovery in this case reveal that differences in purchase dates *will* "significantly affect the nature of the [claims]," this Court may split the Open Market Class into appropriate subclasses. *Randle, et al. v. SpecTran, et al.*, 129 F.R.D. 386, 391 (D.Mass. 1988).

*Adequacy of Representation*

Defendants raise two arguments concerning adequacy of representation. First, the defendants suggest that Plaintiff Opiela is an inadequate representative of the members of the Unit Class, because he sold the securities which he purchased during the Initial Public Offering at a profit, thus sustaining no damages.[4] Insofar as Plaintiff Opiela is the only named plaintiff who purchased securities in connection with the Initial Public Offering and, thus, the only representative of that subclass, defendants assert that the entire Unit Class cannot be certified. Second, the defendants assert that the named plaintiffs cannot adequately represent members of the Open Market Class who purchased either earlier or later

---

**3.** It is undisputed that all purchasers of securities pursuant to the Initial Public Offering would have purchased at essentially the same time. Thus, defendants cannot, and do not, contest the certification of the Unit Class on these grounds.

**4.** Defendant Stuart–James' memorandum actually argues that Plaintiff Opiela lacks standing to sue under the federal securities laws. Because the Court finds that Plaintiff Opiela is an inadequate representative of the members of the Unit Class, it need not address the merits of the standing issue.

than the plaintiffs, because the plaintiffs would not have the incentive to investigate fully the events occurring throughout the purchase period.

■ Two basic elements guide the Court's interpretation of the "adequacy of representation" requirement of Rule 23(a)(4). The Court must determine whether any potential conflicts exist between the named plaintiffs and the prospective class members and whether the named plaintiffs will vigorously prosecute the case. *See Backman v. Polaroid Corporation, et al.,* No. 79–1031–Mc, slip op. at 4 (D.Mass. July 16, 1982).

■ With respect to defendants' second argument, the Court has already indicated that all purchasers, regardless of the precise purchase date, bear the same burden of establishing that the "alleged misrepresentations which appeared in several documents were part of a common scheme to defraud." *Kirby v. Cullinet,* 116 F.R.D. at 311–12. Thus, the named plaintiffs and their counsel have sufficient incentive to prove all events occurring throughout the alleged time period, *see Priest v. Zayre,* 118 F.R.D. at 556, and this Court finds that they will adequately represent the interests of all members of the prospective Open Market Class. This Court does agree, however, that the named representative, Plaintiff Opiela, may not provide adequate representation for all members of the Unit Class. Plaintiff Opiela has suffered no financial losses in connection with his purchase of securities in December, 1986. Plaintiff Opiela subsequently sold his securities at a profit of $556.00. Though plaintiff's counsel suggests that Opiela suffered a "theoretical loss," presumably as a result of the "fraud on the market," counsel cannot demonstrate that the fixed price established for the Initial Public Offering was, in any way, affected by this fraud. Thus, this Court does not find any "theoretical loss."

A plaintiff who has not sustained damages does not possess the same interest in a case, or the same incentive to prosecute a case, that one who has been harmed would possess. This divergence of interests seems particularly relevant here, where Opiela stands in a position to recover as a member of the Open Market Class, regardless of the fate of the members of the Unit Class. Representation by Opiela engenders the possibility that the claims of the Open Market Class will be favored over those of the Unit Class. In light of that possibility, this Court finds Plaintiff Opiela to be an inadequate representative of the Unit Class. Since no other named plaintiff is a member of that subclass, the Court declines to certify the Unit Class.

*Rule 23(b)(3) Requirements*

The Court rules without discussion that common questions of law and fact predominate over questions affecting individual members of the prospective class. The Court further rules that a class action is superior to all other available methods for fair and efficient adjudication of this controversy. The requirements of Rule 23(b)(3) are, therefore, met in this case.

## CONCLUSION

This Court hereby orders that this action be certified as a class action on behalf of all persons who purchased Disc common stock and/or warrants during the period December 29, 1986 through October 27, 1987 and sustained damage thereby. These persons shall be designated as the Open Market Class. Excluded from this class are Disc, its officers and directors and those in privity with them, the individual defendants and members of their immediate families, the Stuart–James Company, and any of its officers, directors and employees and those in privity with them.

This Court, however, declines to certify a Unit Class. That portion of plaintiffs' motion requesting certification of a Unit Class is denied.

SO ORDERED.