In re EATON VANCE CORPORATION SECURITIES LITIGATION.

No. CIV.A. 01–10911–EFH.

United States District Court, D. Massachusetts.

Dec. 16, 2003.

Paul J. Geller, Cauley & Geller, LLP, Boca Raton, FL, Joel H. Bernstein, Goodkind, Labaton, Rudoff & Sucharow LLP, New York City, Thomas G. Shapiro, Shapiro, Haber & Urmy, LLP, Boston, MA, Rochelle Feder Hansen, Bernstein, Litowitz, Berger & Grossmann, New York City, Steven E. Cauley, Cauley, Geller, Bowman & Coates, Little Rock, AK, Jeffrey A. Klafter, Klafter & Olsen LLP, White Plains, NY, Christopher J. Keller, Goodkind, Labaton, Rudoff & Sucharow LLP, New York City, Jack Reise, Cauley, Geller, Bowman & Coates, LLP, Boca Raton, FL, John Lawlor, Mineola, NY, Theodore M. Hess–Mahan, Shapiro, Haber & Urmy LLP, Boston, MA, for Plaintiffs.

Aimee E. Bierman, Kirkpatrick & Lockhart, LLP, Boston, MA, Charles Lee Eisen, Kirkpatrick & Lockhart, Washington, DC, D. Lloyd Macdonald, Kirkpatrick & Lockhart, Boston, MA, Glenn R. Reichardt, Kirkpatrick & Lockhart, Washington, DC, J. Anthony Downs, Goodwin, Procter, LLP, Stuart M. Glass, Goodwin, Procter, LLP, Boston, MA, for Defendants.

### *MEMORANDUM AND ORDER*

HARRINGTON, Senior District Judge.

This case involves allegations that the defendants violated federal securities laws by issuing false and misleading registration statements in connection with four separate investment funds. Now pending before this Court is the named plaintiffs' motion for class certification. The named plaintiffs seek to represent a class of investors who purchased shares in all four funds between May 25, 1998 and March 5, 2001. For the reasons stated below, the plaintiffs' motion is granted in part, and denied in part.

## I. BACKGROUND

The defendants in this case are the Eaton Vance Corporation, four Eaton Vance mutual

funds, and the individual trustees and executives of those funds. The four mutual funds are each separate corporate entities. These funds include the EV Classic Senior Floating–Rate Fund ("Classic"), Eaton Vance Prime Rate Reserves ("Prime Rate"), Eaton Vance Institutional Senior Floating–Rate Fund ("Institutional"), and Eaton Vance Advisers Senior Floating–Rate Fund ("Advisers").

On May 25, 2001, Donald and Elizabeth Chesner ("the Chesners") filed suit against Eaton Vance, Classic and the relevant executives. On October 15, 2001, the Chesners filed an amended and consolidated complaint that added three additional named plaintiffs. These plaintiffs included C. Woodson Bassett, Jr. ("Bassett"), Neil Macy ("Macy"), and Richard K. Bialeck, acting as trustee of the Sophie B. Bialeck Trust ("the Bialeck Trust"). The consolidated complaint also named as additional defendants the Prime Rate, Institutional and Advisers funds, along with the corresponding executives.

Of critical importance is the fact that the four named plaintiffs purchased shares in only the Classic and Prime Rate funds. None of the named plaintiffs purchased shares in the Institutional or Advisers funds. It is also important to note that the named plaintiffs purchased their shares pursuant to specific registration statements that were issued in 1998 and 2000. None of the named plaintiffs purchased shares pursuant to registration statements that were issued in 1999 or 2001. More specifically, the Chesners purchased shares of Classic in 1998 pursuant to the Classic prospectus dated April 1, 1998. The Chesners purchased additional Classic shares in 1999 pursuant to the November 2, 1998 prospectus. Bassett purchased Classic shares in 1998 pursuant to the November 2, 1998 prospectus. The Bialeck Trust purchased Classic shares in 2000 pursuant to the prospectus dated March 15, 2000. Lastly, Macy purchased Prime Rate shares in 2000 pursuant to that fund's March 15, 2000 prospectus.[1]

The named plaintiffs' amended and consolidated complaint alleged that the registration statements and prospectuses contained false and misleading statements in violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2), 77o. The complaint also alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Securities Exchange Act"), 15 U.S.C. §§ 78j(b), 78u–4(b)(1), but these claims have been dismissed. *See In re Eaton Vance Corp. Sec. Litig.*, 206 F.Supp.2d 142, 155 (D.Mass.2002). Now pending before this Court is the named plaintiffs' motion for class certification on the Securities Act claims. The named plaintiffs propose that the class encompass investors who purchased shares in all four funds between May 25, 1998 and March 5, 2001.

At oral argument the named plaintiffs dropped their request for class certification on the Section 12(a)(2) claim. The named plaintiffs' motion for class certification as to the Section 12(a)(2) claim is therefore denied. This means that the only claims relevant to the pending motion involve Sections 11 and 15 of the Securities Act. Because Section 15 imposes derivative liability on those who exercise control over violators of Section 11, the following discussion applies with equal force to both sections. *See Cooperman v. Individual Inc.*, 171 F.3d 43, 52 (1st Cir.1999).

## II. DISCUSSION

### 1. *Standing*

Before delving into the law regarding class certification, it is necessary to address a challenge made by the defendants to this Court's jurisdiction. The defendants argue that the named plaintiffs lack standing under Article III of the Constitution to bring some of their claims. The defendants point out that the named plaintiffs have purchased shares in only the Classic and Prime Rate funds, and therefore have not been injured by the Institutional or Advisers funds. The defendants further argue that the named plaintiffs can-

---

1. The Court notes that there are minor discrepancies between the dates of some prospectuses as stated in the parties' filings and the dates as represented by counsel at oral argument. These discrepancies have no bearing on the Court's legal analysis. For purposes of consistency, the Court uses throughout this opinion the dates advanced by plaintiffs' counsel at oral argument.

not be certified to represent a class of unnamed plaintiffs who purchased shares in the Institutional and Advisers funds because the named plaintiffs have not been injured by those funds.

■ Article III, Section 2 of the Constitution requires that a party have standing to maintain an action in federal court. *See Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). "Article III standing imposes three fairly strict requirements." *People to End Homelessness, Inc. v. Develco Singles Apartments Associates*, 339 F.3d 1, 8 (1st Cir.2003). These requirements include (1) a personal injury suffered by the plaintiff that is (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The burden is on the party invoking federal jurisdiction, here the named plaintiffs, to meet each of the standing requirements. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). The plaintiffs' burden is in no way lessened by the fact that they seek to represent a class. As the Supreme Court has stated:

> That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Lewis v. Casey*, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The named plaintiffs in this case are seeking to sue four mutual funds, each of which is a separate defendant. Yet the named plaintiffs never purchased shares in or conducted any other business with two of the four funds, namely, the Institutional and Advisers funds. The named plaintiffs have therefore not been injured by Institutional and Advisers funds. Because the plaintiffs cannot "demonstrate the requisite case or controversy between themselves personally and [the Institutional and Advisers funds], 'none may seek relief on behalf of himself or any other member of the class.'" *Blum v. Yaretsky*, 457 U.S. 991,

1001 n. 13, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). The named plaintiffs' claim against the Institutional and Advisers funds are therefore dismissed; the named plaintiffs are also precluded from representing investors who purchased shares in those two funds.

The defendants also challenge on standing grounds the proposed time period of the class action. The defendants argue that the named plaintiffs cannot represent unnamed plaintiffs during the entire class period, which is alleged to run from May 25, 1998 to March 5, 2001. According to the defendants, Section 11 requires plaintiffs to trace the shares they purchased to a particular defective registration statement. *See* 15 U.S.C. § 77k(a). The named plaintiffs in this case purchased their shares only under prospectuses that were issued in 1998 and 2000. The named plaintiffs did not purchase any shares under any prospectuses issued in 1999 or 2001. The defendants argue that the named plaintiffs lack standing to raise claims of misrepresentation based on any prospectuses other than those specific prospectuses used by the named plaintiffs to purchase their shares. The defendants further argue that because this issue invokes a question of standing, it ultimately challenges this Court's jurisdiction, and therefore must be settled before class certification is addressed.

■ The First Circuit has described this exact argument as "one of statutory standing only," which means that "the jurisdiction of this court is not at issue." *Cooperman*, 171 F.3d at 47 n. 3. Unlike the Article III standing analysis, statutory standing requires courts to examine the statutory elements of the cause of action, and is therefore often closely connected to the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n. 2, 118 S.Ct. 1003, 140 L.Ed.2d 210(1998). Because statutory standing is not the same as Article III standing, the defendants' arguments do not invoke a threshold question of the constitutional jurisdiction of this Court. *See id.* at 97, 118 S.Ct. 1003 (stating that "an issue of *statutory* standing ... has nothing to do with whether there is case or controversy under Article

III" (emphasis in original)). Therefore, this Court need not decide the question of statutory standing prior to reaching the issue of class certification.

Having concluded that the time period of the class presents no constitutional barrier to this Court's jurisdiction, the Court proceeds to examine whether the named plaintiffs' claims against the Classic and Prime Rate funds for the period May 25, 1998 to March 5, 2001 should be certified as a class action.

### 2. *Class Certification*

The Court turns first to the defendants' argument that Macy cannot be certified as a class representative because he failed to file a certification with the complaint, as required by the Private Securities Litigation Reform Act of 1995 ("the Reform Act"), 15 U.S.C. § 77z–1(a)(2)(A). The purpose of the certification is "to ensure more effective representation of investors in securities ... class actions by transferring control of the litigation from the attorneys to the investors." *In re USEC Securities Litigation*, 168 F.Supp.2d 560, 564 (D.Md.2001). Accordingly, the certification requires, among other things, a statement that the plaintiff has reviewed and authorized the complaint, a statement that the plaintiff did not purchase the securities at the direction of counsel, and a statement identifying any other class actions during the preceding three years in which the plaintiff sought to serve as a representative party. *See* 15 U.S.C. § 77z–1(a)(2)(A). Macy did not provide a certification upon filing the amended and consolidated complaint, which added him as a plaintiff. "Failure of the named plaintiff to file a certification with the complaint ... [is] fatal to maintenance of the putative class action." *Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 60 (D.Mass.1996).

■ The named plaintiffs contend that the Reform Act certification requirement pertains only to the selection of a lead plaintiff, not class certification. The named plaintiffs argue that because the present motion involves class certification, the Reform Act's requirements are irrelevant. However, the plain language of the statute portends otherwise. *See People To End Homelessness,*

*Inc.*, 339 F.3d at 5 ("When the language of a statute is plain and admits of no more than one meaning ... the sole function of the courts is to enforce the statute according to its terms." (citations and quotation marks omitted)). Section 77z–1(a) states that "the provisions of this subsection shall apply to each private action ... that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." That is precisely what Macy is seeking to do in this lawsuit. In addition, the particular subsection involving the certification requirement explicitly states that it applies to "[e]ach plaintiff seeking to serve as a representative party on behalf of a class...." 15 U.S.C. § 77z–1(a)(2)(A). There is no language in this subsection limiting the certification requirement to lead plaintiffs only. *See Greebel*, 939 F.Supp. at 61 (holding that the certification requirement *does not* apply to lead plaintiffs, but instead applies to "named plaintiffs filing a class action complaint"). More importantly, applying the certification requirement to named plaintiffs advances the important policy goals Congress sought to achieve when it enacted the Reform Act. *See In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir.2002) (stating that the certification requirement "serves the purposes disclosed in the Reform Act's legislative history, and ... [is] calculated to achieve the very goals the legislative history discusses").

The short of the matter is that Macy failed to provide a certification with his complaint as required by the Reform Act. Macy therefore is precluded from serving as a class representative. Because Macy is the only named plaintiff who purchased shares in the Prime Rate fund, this Court denies the named plaintiffs' motion for class certification as to the Prime Rate fund.

With the motion for class certification as to the Prime Rate fund denied, the Court turns to the question of class certification as to the Classic fund. The named plaintiffs seek class certification under Fed.R.Civ.P. 23(a) and 23(b)(3). The elements of Rule 23(a) are that (1) the class is so numerous that joinder is impracticable, (2) there are questions of law and fact common to the class, (3) the claims and defenses of the class representatives are typical of the class, and (4) the

representatives will fairly and adequately protect the interests of the class. *See Smilow v. Southwestern Bell Mobile Sys.*, 323 F.3d 32, 38 (1st Cir.2003). In addition, Rule 23(b)(3) permits class certification if a district court finds that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is the superior method of resolving the dispute. *See id.*

Turning first to Rule 23(a), the plaintiffs claim that millions of shares of Classic are outstanding and that there are potentially millions of class members. This satisfies the numerosity requirement. *See Opiela v. Bruck*, 139 F.R.D. 257, 259 (D.Mass.1990). There are also common questions of law and fact; all the plaintiffs purchased shares in Classic and all the plaintiffs allege that the defendants issued false and misleading registration statements in violation of Sections 11 and 15. *See Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 25 (D.Mass.2003). In addition, there is no dispute among the parties as to whether the named plaintiffs will fairly and adequately represent the class, and this Court rules this element is satisfied. *See Mack v. Suffolk County*, 191 F.R.D. 16, 23 (D.Mass.2000).

There is, however, a question on the element of typicality. The named plaintiffs' claims are typical of the class when their injuries "arise from the same events, practice or course of conduct of the defendants as do the injuries which form the basis of the class claims." *Adair v. Sorenson*, 134 F.R.D. 13, 17 (D.Mass.1991). The named plaintiffs in this case argue that their claims are typical of the class because the defendants made identical false and misleading statements throughout the entire proposed class period. At oral argument, the defendants disputed this fact.[2] As part of their motion for class certification, the named plaintiffs did not supply this Court with detailed documentation regarding the various registration statements that are at issue. Therefore, this Court cannot determine whether the statements made by the defendants in the registration statements were uniform across the entire proposed class period. It is ultimately the named plaintiffs who bear the burden of establishing that class certification is appropriate. *See Markarian v. Conn. Mut. Life Ins. Co.*, 202 F.R.D. 60, 63 (D.Mass.2001). As far as the proposed class period is concerned, the named plaintiffs have failed to meet their burden. Accordingly, this Court rules that the named plaintiffs can only represent a class of investors who purchased Classic shares pursuant to the same prospectuses as the named plaintiffs, namely, the Classic prospectus dated April 1, 1998, the Classic prospectus dated November 2, 1998, and the Classic prospectus dated March 15, 2000.

The defendants make no developed argument regarding the requirements of Rule 23(b)(3); this Court therefore rules that Rule 23(b)(3) is satisfied. *See Adair*, 134 F.R.D. at 17. Limiting the class action to include only those investors who purchased under the same Classic prospectuses as the named plaintiffs means that common questions of law and fact predominate over the entire class and that a class action is the superior method of resolving the dispute.

## III. CONCLUSION

The plaintiffs' motion for class certification is granted in part and denied in part. The named plaintiffs are permitted to represent a class of investors who purchased shares pursuant to the Classic prospectuses dated April 1, 1998, November 2, 1998 and March 15, 2000. The named plaintiffs' motion for class certification on the Section 12(a)(2) claims is denied. The named plaintiffs' claims against the Institutional and Advisers funds are dismissed for lack of Article III standing and the named plaintiffs cannot represent investors who purchased shares in those funds. Finally, the named plaintiffs' motion for class certification as to the Prime Rate fund is denied.

SO ORDERED.

---

**2.** Defendants' counsel, for example, stated that: "Each registration statement is a different case. Different facts. The disclosures over time as the period progressed changed. The market of the loans that was, that were being invested in changed."